IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID TRAMINE JONES, #306251, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIV. A. NO. 19-0737-TFM-MU ) |
| KENNETH PETERS, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

David Tramine Jones, a state prisoner, in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 16.) This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed as time-barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations period contained in 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

Jones was convicted of four counts of capital murder, in violation of §§ 13A-5-40(a)(1), (a)(2), (a)(10), and (a)(17) of the Alabama Code, and one count of attempted murder, in violation of §§ 13A-4-2 and 13A-6-2 of the Alabama Code, in the Circuit Court of Mobile County, Alabama on October 14, 2016. (*See* Doc. 20-2 at p. 1). He was sentenced to life without the possibility of parole for the capital murder convictions and life in prison for his attempted murder conviction. (*Id.*). On or about November 9, 2016, Jones filed a motion for new trial and a motion for judgment notwithstanding the verdict,

both of which the trial court denied following a hearing. (Doc. 20-1 at p. 11). Jones filed a notice of appeal on November 14, 2016. (*Id*. at p. 12).

On direct appeal, Jones alleged denial of his right to speedy trial, denial of his right to represent himself, error in sentencing him to life without the possibility of parole, failure to hold a competency hearing, denial of his substantive and procedural due process rights because his mental retardation rendered him incompetent to stand trial, error in admitting a news video story that included the victim's statement alleged to be hearsay, insufficient corroboration of his codefendant's statement, and denial of his motion for judgment of acquittal. (Doc. 20-2 at p. 5). On September 1, 2017, the Alabama Court of Criminal Appeals affirmed Jones's convictions and sentence. (Doc. 20-2). Jones did not file an application for rehearing or a petition for certiorari, and, on September 20, 2017, the Court of Criminal Appeals issued a certificate of judgment. (Doc. 20-3). There is no record of Jones filing a Rule 32 petition or any other collateral attack in the state courts. (*See* Doc. 20 at p. 2).

On October 3, 2019, Jones filed a §1983 civil rights complaint against the prosecutors in his case, a detective involved in his arrest, and his defense counsel in this Court. (Doc. 1). Upon review of his complaint and amendments thereto, the Court concluded that Jones was improperly attempting to challenge the constitutionality of his convictions and sentences by way of a §1983 action and advised Jones to complete and file this Court's form for a habeas petition under 28 U.S.C. §2254. (Doc. 15). Jones did so, filing the requested §2254 form on July 20, 2020. (Doc. 16). This is his first federal § 2254 petition challenging his 2016 convictions and sentences. (*Id.*).

## PETITIONER'S CLAIMS

In his petition, Jones raises several claims. First, he claims that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest and pursuant to an unconstitutional search and seizure. (Doc. 16 at pp. 6-7). Second, Jones claims that he was denied effective assistance of counsel at his trial. (*Id*. at p. 8).

## CONCLUSIONS OF LAW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

> or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), the timeliness of a petitioner's habeas petition must be calculated based upon the date on which his conviction becomes final "by the conclusion of direct review or the expiration of time for seeking such review[.]" Jones's conviction was affirmed by the Alabama Court of Criminal Appeals on September 1, 2017, and because he did not file a petition for a writ of certiorari, the certificate of judgment was issued on September 20, 2017. Therefore, his limitations period under §2244(d)(1)(A) began to run on December 19, 2017, upon the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). The limitations period to file a timely § 2254 habeas petition expired on December 19, 2018, ten months before Jones filed the §1983 action which the Court determined should have been filed as a habeas corpus petition. His § 2254 petition in this Court is, thus, not timely under § 2244(d)(1).

Neither of the available tolling avenues saves Jones's untimeliness in this case. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Jones did not file a Rule 32 petition or any other type of collateral review in state court; therefore, he is unable to take advantage of the tolling provision built into § 2244(d). *See McCloud,* 560 F.3d at 1227 (holding that Rule 32 cannot toll the one-year limitations period if that period expired prior to filing of the motion).

4

Accordingly, the only avenue by which this Court could possibly consider the merits of the instant § 2254 petition is by finding that Jones is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence of the crimes for which he was convicted and sentenced. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec'y for the Dep't of Corr.*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted).

"Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would

5

make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). Jones has not established that the instant habeas corpus petition was timely filed nor has he attempted to establish extraordinary circumstances and due diligence necessary to support equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Jones has not met that burden here.

A federal court can also consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court specifically held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Jones has not made a showing of actual innocence; therefore, he cannot take advantage of the actual innocence gateway recognized in *McQuiggin*.

In short, this Court concludes that this is not one of those rare cases in which principles of equitable tolling can save Jones from AEDPA's one-year limitations period, nor has he established his actual innocence of the offenses for which he was convicted and sentenced. Thus, the undersigned recommends that the §2254 petition filed by Jones (Doc. 16) be dismissed because it is time-barred.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In the instant case, a

reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Jones should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## **CONCLUSION**

The undersigned Magistrate Judge recommends that the petition for writ of habeas corpus filed by Petitioner David Tramine Jones, pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Jones is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **20th** day of **December, 2021**.

>  s/P. BRADLEY MURRAY
>  **UNITED STATES MAGISTRATE JUDGE**